**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO.** |
| **v.** | § § | **1:26-CV-01395** |
| | § § | **COMPLAINT** |
| **BUC-EE'S, LTD.,** | § | **AND JURY TRIAL DEMAND** |
| **Defendant.** | § § § | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Dale Witt ("Mr. Witt"). As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission alleges that Defendant Buc-ee's, Ltd. ("Defendant") subjected Mr. Witt to discrimination in violation of the ADA by failing or refusing to provide him with reasonable accommodation for his disability and discharging him from employment on the basis of his disability.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) & (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, Austin Division.

## PARTIES

3.      Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (f)(3).

4.      At all relevant times, Defendant, a Texas domestic limited partnership, has continuously been doing business in the State of Texas and the City of Bastrop, as well as other locations, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) & 12111(7).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.      During each calendar week of calendar years 2023 and 2024, Defendant continuously employed more than 500 employees.

## ADMINISTRATIVE PROCEDURES

8.      More than thirty days prior to the institution of this lawsuit, Dale Witt filed an administrative charge of discrimination with the Commission, EEOC Charge No. 451-2025-00311, alleging violations of the ADA by Defendant.

9.      The Commission sent to Defendant a timely notice of the administrative charge of discrimination filed by Mr. Witt.

10.     On August 11, 2025, the Commission issued to Defendant an administrative Determination finding reasonable cause to believe that Defendant violated the ADA by subjecting Mr. Witt to unlawful denial of reasonable accommodation and to discharge because of such unlawful denial of reasonable accommodation and on the basis of his disability.

11.     The administrative Determination invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12.     The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the unlawful employment practices described in the administrative Determination by informing Defendant of the remedies sought by the Commission.

13.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14.     On September 5, 2025, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

15.     All conditions precedent to the institution of this lawsuit have been fulfilled.

### STATEMENT OF FACTS

16.     Since at least October 2024, Defendant has engaged in unlawful employment practices in violation of Sections 102(a), 102(b)(1) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a), (b)(1) & (b)(5)(A).

17. At all relevant times, Mr. Witt has been and is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 & 12111(8).

18. Defendant hired Mr. Witt as a Cashier Associate on or about December 13, 2021.

19. During the course of his employment by Defendant, Mr. Witt performed his job duties in a manner that Defendant considered satisfactory.

20. Since at least February 2024, Mr. Witt has had a physical impairment, Myasthenia Gravis, that substantially limits one or more major life activities, including but not limited to standing, breathing and immune, neurological, and respiratory major bodily functions.

21. On June 3, 2024, Mr. Witt submitted to Defendant a written request for reasonable accommodation through Defendant's Medical Accommodation Request process:

a. Mr. Witt informed Defendant that he had a medical condition that made it difficult for him to stand for more than six hours, and he stated that his physician advised him to transition to a six-hour daily schedule for at least two weeks.

b. That same day, Defendant granted the request until June 17, 2024.

22. On or about June 22, 2024, Mr. Witt experienced a myasthenic crisis ("MC"), a complication of Myasthenia Gravis that causes inability to breathe without medical treatment, including use of a ventilator, and he was hospitalized until on or about July 10, 2024 for that purpose.

23. Mr. Witt remained on approved medical leave from on or about June 22, 2024 through October 25, 2024.

24. In support of his request for medical leave, on July 19, 2024, Mr. Witt, though his spouse, submitted documentation to Defendant from his treating physician, a neurologist, stating the following:

4

a.      that Mr. Witt was unable to return to work and projected to be incapacitated from June 23, 2024 until October 25, 2024;

b.      that he was being treated for a "neurologic condition provoking weakness";

c.      that as a result of this condition, that he was unable to engage in "standing for long periods"; and

d.       that upon his projected return to work date, he was expected to be able to work five hours per day.

25.     On or about October 15, 2024, Mr. Witt, through his spouse, submitted to Defendant an updated return to work letter from his treating physician that requested the following to accommodate his medical limitations for his return to work:

a.      that Mr. Witt be granted four-hour workdays;

b.      that he have "the opportunity to sit while at the [cash] register";

c.      that he "[not] be required to stand for more than 15 minutes at a time without available seating"; and

d.      that he not be required to lift more than 20 pounds.

26.     The foregoing October 15, 2024 letter from Mr. Witt's treating physician stated to the effect that the requested reasonable accommodations were required until January 1, 2025, at which time the treating physician would reevaluate Mr. Witt's work-related medical limitations.

27.     Defendant's employees in its Benefits and Human Resources Departments who were responsible for employee reasonable accommodation requests under Defendant's policies received and reviewed the foregoing October 15, 2024 letter from Mr. Witt's treating physician.

28.     On or about October 15, 2024, Mr. Witt also submitted to Defendant a written request for reasonable accommodation for his return to work via Defendant's Medical

Accommodation Request system.

29.     Mr. Witt's October 15, 2024 written request for reasonable accommodation described his disability as follows: "I have a disease called myasthenia gravis which causes my muscles to shut down but it has also caused fatigable weakness which cause me not to be able to stand most of the time for more than 15 or 30 minutes. When this happens my respiratory muscles begin to fail so I must be able to sit at register when i begin to feel weak. After 4 hours of any activity my body gets to [sic] weak to do anything until i have rested for at least 4 or 5 hours."

30.     Mr. Witt's October 15, 2024 written request for reasonable accommodation described his requested accommodations as follows:

a.      "1. 4 hour work shift which will allow me to keep my strength up plus get stronger.";

b.      "2.  A chair at the register so my leg muscles will not get weak and cause me to have any chance of respiratory failure.";

c.      "3.  I can't be required to stand or walk for more than 15 minutes again caused by weakness in legs";

d.      "4. My arms also get weak and don't have the current ability to lift anything over 20lbs."; and

e.      "If all these accommodations are met I will be able to serve our customers with outstanding service like I have in the past and do it in a safe and healthy way."

31.     On October 15, 2024, Mr. Witt also transmitted an e-mail to Defendant's Benefits Department that same day, with whom he was communicating concerning his request for reasonable accommodation per Defendant's established procedures, stating to the effect that he had submitted the required information for his request via Defendant's Medical Accommodation

Request system and wished to return to work "as soon as possible if these accommodations are approved."

32.     On or about October 17, 2024, Defendant made its decision on the accommodations concerning Mr. Witt's return to work that were requested on October 15, 2024:

    a.     Defendant denied the request that Mr. Witt be permitted to sit while working in the cash register area and not be required to stand for more than 15 minutes at a time without available seating; and

    b.     Defendant granted the other accommodations that Mr. Witt and his treating physician requested on October 15, 2024.

33.     On October 17, 2024, Defendant communicated to Mr. Witt its decision and denied the request that he be permitted to sit while working in the cash register area and not be required to stand for more than 15 minutes at a time without available seating.

34.     During the foregoing October 17, 2024 communication, Defendant told Mr. Witt that in lieu of the request that he be permitted to sit while working in the cash register area and not be required to stand for more than 15 minutes at a time without available seating, he would instead be allowed to divide up his 20-minute break time into shorter breaks as needed. Defendant did not consider or offer any other alternative arrangements beyond allowing Witt to divide up his 20-minute break time into shorter breaks as needed.

35.     As a result of his disability, and specifically muscle weakness and fatigue in his legs, Mr. Witt needed to avoid standing for extended periods of time without an opportunity to briefly sit to regain his stamina.

36.     Allowing Mr. Witt to take shorter but more frequent breaks not exceeding 20 minutes in duration cumulatively during a shift was not an effective reasonable accommodation

for his disability, as it did not meet his medical needs and would not have enabled him to perform the essential functions of his position.

37.    Defendant never granted the request that Mr. Witt be permitted to sit while working in the cash register area and to not be required to stand for more than 15 minutes at a time without available seating.

38.    At all relevant times, Defendant required as a condition of Mr. Witt's return to work that he remain standing, and refrain from sitting, while performing his duties as a Cashier Associate and not on a work break.

39.    In October 2024 and at all relevant times since then, Mr. Witt was able to return to work in his previous position with Defendant and perform the essential functions of that position, with reasonable accommodation.

40.    As a result of Defendant's decision to deny Mr. Witt's and his treating physician's request that he be permitted to sit while working in the cash register area and not be required to stand for more than 15 minutes at a time without available seating, Mr. Witt was unable to return from medical leave.

41.    On or about December 23, 2024, Defendant discharged Mr. Witt from his employment.

42.    Defendant contemporaneously documented that it discharged Mr. Witt because he was unable to return to work from his leave of absence but that he was eligible for rehire.

43.    Defendant discharged Mr. Witt from his employment because of his disability, Myasthenia Gravis, and related physical limitations and resulting from its failure to provide him with reasonable accommodation for his disability.

**STATEMENT OF CLAIMS**

**COUNT I**

**(ADA – Failure to Provide Reasonable Accommodation)**

44.    Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs 16-43 of this Complaint as if fully set forth herein.

45.    Since at least October 2024, Defendant has engaged in unlawful employment practices in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a) & (b)(5)(a), by denying Mr. Witt one or more reasonable accommodations for his disability, including but not limited to modification of the workplace, assistive equipment and the manner in which he was to perform his duties.

46.    The effect of the unlawful employment practices complained of herein has been to deprive Mr. Witt of equal employment opportunities on the basis of his disability.

47.    The unlawful employment practices complained of in the foregoing paragraphs were intentional.

48.    The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Mr. Witt.

**COUNT II**

**(ADA – Discharge)**

49.    Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs 16-48 of this Complaint as if fully set forth herein.

50.    Defendant engaged in unlawful employment practices in violation of Sections 102(a) and 102(b)(1) of Title I of the ADA, 42 U.S.C. §§ 12112(a) & (b)(1), by discharging Mr. Witt on the basis of disability and as a result of Defendant's unlawful failure to provide reasonable

9

accommodation for disability.

51.     The effect of the unlawful employment practices complained of herein has been to deprive Mr. Witt of equal employment opportunities on the basis of his disability.

52.     The unlawful employment practices complained of in the foregoing paragraphs were intentional.

53.     The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Mr. Witt.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against any qualified employees or job applicants because of their disabilities.

B.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing or refusing to provide reasonable accommodations to qualified employees or job applicants with disabilities.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole Dale Witt by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or frontpay and an additional amount to compensate him for the adverse tax

consequences of receiving a lump sum payment of wages in a single tax year that would have been earned in multiple tax years.

D.    Order Defendant to make whole Dale Witt by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E.    Order Defendant to make whole Dale Witt by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life in amounts to be determined at trial.

F.    Order Defendant to pay Dale Witt punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

J.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

CATHERINE L. ESCHBACH
ACTING GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

131 M STREET, NE
WASHINGTON, D.C. 20507

11

RONALD L. PHILLIPS
ACTING REGIONAL ATTORNEY

*/s/ PHILIP J. MOSS*
PHILIP J. MOSS
SENIOR TRIAL ATTORNEY
TEXAS STATE BAR NO. 24074764
EMAIL: PHILIP.MOSS@EEOC.GOV

BROOKE E. LÓPEZ
SENIOR TRIAL ATTORNEY
TEXAS STATE BAR NO. 24125141

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
SAN ANTONIO FIELD DISTRICT OFFICE
5410 FREDERICKSBURG ROAD, SUITE 200
SAN ANTONIO, TEXAS 78229
TELEPHONE: (210) 640-7570

**ATTORNEYS FOR PLAINTIFF**

12